**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**WILLIAM BRIAN EVANS**                                                                             **MOVANT**

v.                                                                                                 **No. 3:06CR14-M**

**UNITED STATES OF AMERICA**                                                    **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the motion of William Brian Evans to vacate, set aside, or correct the sentence imposed under the court's December 18, 2006 judgment. In that judgment, the movant pled guilty to the charges contained in Count Three of the superseding indictment – aiding and abetting another individual in possessing with intent to distribute methamphetamine. The government has responded to the motion, and the court shall consider all claims raised by the movant. For the reasons set forth below, Evans' 2255 motion shall be denied in part, and an evidentiary hearing will be ordered with respect to the ineffective assistance of counsel claim for failure to file a notice of appeal.

**Facts and Procedural Posture**

The movant, William Brian Evans ("Evans"), was named in three counts of a six count federal drug indictment, on January 19, 2006. Evans was a drug trafficker associated with the Tippah County-based John Butler methamphetamine operation. Under a plea agreement, Evans pled guilty to Count Three of the superseding indictment, aiding and abetting another individual in possessing with intent to distribute methamphetamine, and the remaining counts were dismissed. Although Count Three carried a maximum statutory term of imprisonment of 20 years, the Government agreed to an 11(c)(1)(C) plea agreement, in which Evans' sentence would be capped at 10 years of imprisonment.

Evans, with counsel, formally entered a guilty plea consistent with the terms of the plea agreement, on August 10, 2006. A pre-sentence investigation was conducted by the United States Probation Service, and Evans' attorney objected to the findings in the report. The focus of the objections was the probation officer's inclusion of ten pounds of methamphetamine as relevant conduct under the advisory sentencing guidelines and the assessment of a two point enhancement for possessing a firearm.

The Court held a sentencing hearing during which witnesses offered by the United States testified that Evans was a large scale methamphetamine distributor. One witness testified that he had personally provided Evans with ten to fifteen pounds of methamphetamine. Another witness testified that Evans traded a black Mercedes for more than a pound of methamphetamine. North Mississippi Narcotics Agent John Moses testified that Evans admitted that he owned one of two pistols found in his car in addition to the methamphetamine on the date charged in Count Three. Evans decided that he did not want to testify at his sentencing hearing and did not call any witnesses to testify on his behalf.

Evans' objections concerning the relevant conduct and the assessment for possessing a pistol were overruled by the court. The advisory guideline range called for a sentence of 135 to 168 months imprisonment, but the court accepted the 11(c)(1)(C) plea agreement, which capped Evans' sentence at no more than 120 months imprisonment. The court sentenced Evans to 120 months imprisonment, and the judgement was entered on December 18, 2006. Evans did not directly appeal his sentence.

## William Brian Evans' Claims Under U.S.C. § 2255

Evans frames his claims in terms of ineffective assistance of counsel and due process of law, setting forth four specific grounds for relief in his motion:

1. That counsel was ineffective for not filing a motion to dismiss his indictment pursuant to the Speedy Trial Act.

2. That counsel was ineffective at pre-plea stage of the proceedings because counsel told Evans that he would be sentenced on the 13.4 grams of methamphetamine he possessed at the time of the arrest and did not mention relevant conduct.

3. That he was denied due process when sentenced on inaccurate information.

4. That counsel was ineffective for failure to file a notice of appeal as requested.

## Ineffective Assistance of Counsel

In order to establish ineffective assistance of counsel, a movant under 28 U.S.C. § 2255 must establish both that his counsel was deficient and that the deficiency resulted in prejudice to his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong requires a finding that counsel's performance was constitutionally effective. *Id.* A counsel's performance is deficient if it fell below an objective standard of reasonableness measured by the prevailing professional norms. *Id* at 688. "The reviewing court must strongly presume that counsel provided adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Pondexter v. Quarterman*, 537 F.3d 511, 519 (5th Cir. 2008). Prejudice occurs when there "is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome" and is less than a preponderance of the evidence. *Id.* at 693-94. In order to establish prejudice in a non-capital sentencing proceeding, a movant must establish a reasonable probability that, but for the deficient performance of counsel, the sentence would have been significantly less harsh. *United States v. Seyfert*, 67 F.3d 544, 548-9 (5th Cir. 1995). In order to satisfy the prejudice requirement in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have

insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

## Speedy Trial Act

A defendant who is detained by a court to await trial must be tried within ninety days following his detention, under Title 18, United States Code, Section 3164(b). Under the Act, certain delays are excluded from the time calculation. In this case, Evans was ordered detained on January 25, 2006. Evans speedy trial clock did not begin to run on this date, because Evans' co-defendant, Candace Turner, had not yet made an initial appearance. *See* 3164(b) and 3161(h)(7). A delay that is the result of an unavailable defendant, including a co-defendant's failure to appear, tolls the speedy trial clock. *United States v. Calle*, 120 F.3d 43, 46 n.3 (5th Cir. 1997)(citing *United States v. Helm*, 897 F.2d 1293, 1300 (5th Cir. 1990)). A "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted" can be excluded from the ninety day limit. 18 U.S.C. § 3161(h)(7). The speedy trial clock does not begin to run in a multi-defendant prosecution under subsection (h)(7) until the last codefendant makes his initial appearance in court. *United States v. Franklin*, 148 F.3d 451, 455 (5th Cir. 1998).

## There was no Violation of the Speedy Trial Act

Evans first claims that he received ineffective assistance when his counsel failed to file a motion to dismiss the indictment under the Speedy Trial Act. Evans contends that he would not have entered a guilty plea to Count Three of the indictment had he known that a violation of the Speedy Trial Act had occurred. Evans' speedy trial clock did not begin to run until the court appearance of Evans' last co-conspirator, Candace Turner, on February 6, 2006. The following day, February 7, 2006, a scheduling order was entered setting the trial for Evans and his co-conspirators for March 27, 2006. One of Evans' co-defendants moved for a continuance of the trial date, on March 14, 2006. On the same day, the court granted the continuance and reset the

trial for May 8, 2008. As long as the court finds that the ends of justice served by continuing the trial outweigh the best interest of the public and defendant in a speedy trial and the court lists its reasons for its findings, delay caused by a court's continuance of a trial is excludable from the ninety day mandate. *See* 18, U.S.C. § 1361(h)(8)(A).

The court, in continuing Evans' and his co-conspirators trial to May 8, 2006, explicitly found that counsel for one of the co-defendants needed additional time to adequately investigate the matter and prepare for trial. The court stated "the ends of justice will be served by granting subject continuance and that such action outweighs the best interests of the public in a speedy trial." The court also instructed "the delay caused from this date until such trial date (May 8, 2006) set by the court above shall be excluded from all computations relative to the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(8)(A)." (Order dated March 14, 2006).

On April 26, 2007, a co-defendant moved for a continuance of the May 8, 2006 trial date. Evans' and his co-conspirators' trial was continued until June 26, 2006, by a court order dated April 25, 2006. The court, in continuing the trial, found that Evans' co-defendant needed additional time to investigate and prepare for trial. The court determined that the ends of justice would be served by the continuance and similarly excluded delay caused by the continuance. (Order dated April 26, 2007). Subsequently, on June 7, 2006, a different co-defendant moved for a continuance of the June 26, 2006 trial date. The court continued the trial until August 14, 2006, with a June 7, 2006 order. The court made the findings necessary to exclude the delay caused by the continuance. (Order dated June 7, 2006).

The excludable delay of one co-defendant may be attributable to all co-defendants. *United States v. Franklin*, 148 F.3d 451, 455 (5th Cir. 1998). The government has noted that all motions to continue were filed by Evans' co-defendants – not the government. The court listed its reasons for the continuance and made the essential findings to exclude the delay from the

Speedy Trial Act calculations. The excludable time applied to Evans.

Evans entered a guilty plea to Count Three of the indictment four days before trial, on August 10, 2006. Under the Speedy Trial Act, only 49 days had elapsed from Evans' initial detention on January 25, 2006 to the date of the Court's first order continuing Evans' trial on March 14, 2006. As detailed above, all other delay was properly excluded by the court. Therefore, there was no Speedy Trial Act Violation, and Evans' counsel had no reasonable grounds to seek dismissal the indictment.

### No Prejudice Due to Delay

Evans has not proved that the delay prejudiced him. When addressing claims of constitutional violations of the Speedy Trial Act, a court must consider: (1) the length of the delay; (2) whether the defendant asserted his right; (3) the reason for the delay; and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Courts are not required to address the first three factors unless there is some delay that is presumptively prejudicial. *Id.* Evans has neither alleged nor proven any prejudice, and the delay does not raise a presumption that Evans was prejudiced by the continuances. "[A]bsent extreme prejudice or a showing of willfulness by the prosecution to delay the trial in order to hamper the defense, a delay of less than one year is not sufficient to trigger an examination of the *Barker* factors." *Coward v. Hargrett*, 16 F.3d 642, 647 (5th Cir. 1994) (citations omitted). A delay of ten and one-half months is not presumptively prejudicial. *United States v. Maizumi*, 526 F.2d 848, 851 (5th Cir. 1976). In this case, less than seven months passed between Evans' initial detention and his August 10, 2006 change of plea hearing. This delay does not raise a presumption of prejudice; as such, the court need not address the other three *Barker* factors.

Counsel's decision not to challenge the delay was reasonable because there was no Speedy Trial Act violation – and Evans could show no prejudice from his attorney's decision.

As such, Evans' claim that his counsel was ineffective for failure to file a motion to dismiss the indictment pursuant the Speedy Trial Act is without merit.

**Ineffective Assistance of Counsel Claim: Failure to Advise of Relevant Conduct**

Evans alleges that he received ineffective assistance of counsel when his attorney did not advise him that his offense level would be based on relevant conduct. Evans implies that he would not have pled guilty had he known that relevant conduct would factor into his sentence. Due process requires that a guilty plea be a knowing and voluntary act, and the defendant must be advised of and understand the consequences of the plea. *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990). "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine of the offense charged. As long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences." *Id.* (citations omitted). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "When a 2255 movant's factual allegations are refuted by his own testimony given under oath during his plea proceeding, he is not entitled to be heard on new factual allegations absent corroborating evidence such as the affidavit of a reliable third person." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

On August 10, 2006, during his change of plea hearing, Evans was placed under oath and asked by the court if he understood the maximum penalty the court could issue on Count Three (P.T. at 2, 7). Evans confirmed that he did, and the court reiterated the maximum penalties contained in Count Three, including the maximum prison term of 20 years. When asked if the penalties had been explained to him, Evans responded, "Yes sir, Your Honor." *Id.* at 7. Evans admitted to the court that he had talked to his attorney about how the sentencing guidelines might apply to the case. Evans was also asked if he understood that the court may

impose a sentence that is different from any estimate his attorney may have given him, to which he responded, "Yes sir, Your Honor." (P.T. 11).

Evans' ineffective assistance claim for failure to advise him on relevant conduct at the pre-plea stage is without merit. Based on his own sworn statements, Evans is not able to establish a reasonable probability that but for counsel's alleged statements Evans would have insisted on going to trial. The record shows that Evans knew the consequences of his plea: a possible ten-year sentence. Under the law, this is all that Evans needs to know. As such, this claim for relief shall be denied.

**Evans' Due Process Claim for Sentencing on Allegedly Inaccurate Information**

The defendant bears the burden of rebutting the evidence used against him for the purposes of sentencing by proving that it is materially untrue, inaccurate, or unreliable. *United States v. Ashburn*, 20 F.3d 1336, 1349 (5th Cir. 1994). "Mere objections do not suffice as competent rebuttal evidence." *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998). Presentence reports generally bear sufficient indicia of reliability to permit the district court to rely on them at sentencing. *United States v. Patten*, 40 F.3d 774, 777 (5th Cir. 1994) *See also United States v. Gracia*, 983 F.2d 625, 629 (5th Cir. 1993). The district court may properly rely on the presentence report in the absence of rebuttal evidence. *Gracia* at 630. The court is free to disregard a defendant's unsworn statements that the presentence report is unreliable. *Id.* at n.22. Evans contends that the amount of drugs that he was involved in was substantially exaggerated by government witnesses who were hoping to receive a downward departure in their own sentences. Evans' attorney objected to the presentence report on the grounds that he should only be accountable for the drugs found in his pocket. Evans did not, however, offer rebuttal evidence.

The Government called several witnesses to establish the scope of Evans' methamphetamine trafficking activity. North Mississippi Narcotics Unit Investigator John Moses testified that Evans confessed that the methamphetamine and a .357 magnum also found in Evans' car were his. John Butler testified that Evans obtained approximately ten to fifteen pounds of methamphetamine from Butler. Bobby King, Sr. admitted backing Evans' drug operation with at least $20,000 – and trading Evans a black Mercedes for a pound of methamphetamine. (S.T. 56-60). Additionally, Levi Ray testified that Evans had probably distributed methamphetamine to Ray approximately twenty-five separate times. (S.T. 76-77). Each of these witnesses was cross examined by Evans' attorney. After hearing the testimony of these witnesses, the court overruled Evans' objections to the inclusion of relevant drug amounts and the inclusion of the two level fire arm enhancement. Evans' guideline range was determined to be 135-168 months. The court accepted Evans' capped plea agreement and sentenced him to 120 months.

Evans' conclusory allegation that the testimony of his co-conspirators was unreliable is not supported in the record. Evans did not carry his burden of rebutting the evidence used to calculate his sentence through documents or testimony. As a result, Evans' claim that he was denied due process when sentenced on inaccurate information is without merit and shall be denied.

**Ineffective Assistance for Failure to File a Notice of Appeal as Requested**

Evans' final claim is that he was denied his statutory right to appeal his sentence and received ineffective assistance of counsel when his attorney did not appeal his sentence as requested. The government contends that Evans' attorney sent him a letter on the same day his judgement was entered advising him of his right to appeal and the deadline that applied. Evans' attorney has stated that there was no communication from Evans following the letter which

indicated in any way a request to file a notice of appeal.  (See Affidavit of Gregory S. Park, attached to Government's response as Exhibit "B").

However, the letter to Evans from his attorney is not enough to establish that Evans never asked his attorney to appeal.  Evans could have conceivably contacted his attorney after receiving the letter.  Even though the allegations are minimal in regards to the circumstances, Evans has alleged enough to warrant an evidentiary hearing.  Because the record does not conclusively negate the movant's claim of ineffective assistance for failure to file a notice of appeal, the court shall set an evidentiary hearing to determine whether the movant requested that his attorney file a notice of appeal.

In sum, the movant's claims in Grounds One, Two, and Three of the instant motion to vacate, set aside, or correct his sentence shall be denied.  His claim that counsel failed to file a direct appeal of his sentence shall, however, be set for evidentiary hearing by separate order, and the court shall appoint counsel to represent Evans for the evidentiary hearing.  A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of May, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**